UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF `NEW YORK

| | |
|---|---|
| LILIA CASTIBLANCO and JOSE CASTIBLANCO, | Civil Action No..: |
| Plaintiffs, | |
| -against- | COMPLAINT |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, LILIA CASTIBLANCO and JOSE CASTIBLANCO by their attorneys, WILKOFSKY, FRIEDMAN, KAREL and CUMMINS, as and for their Complaint, herein allege the following upon information and belief:

**VENUE**

1. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391, as the plaintiffs reside in this judicial district, and the property that is the subject of this action is situated in this judicial district.

**JURISDICTION**

2. This action arises under the National Flood Insurance Program ("NFIP), Federal regulations, and common law, and the flood insurance Policies that Defendant procured for and issued to the Plaintiffs in its capacity as a WYO carrier under the NFIP. The Policies covered losses to the Insured Property, which is located in this judicial district.

3. Federal Courts have exclusive jurisdiction pursuant to 42 U.S.C. § 4072 over all disputed claims under NFIP Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

4. This Court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured property is located in this judicial district.

5. This court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## PARTIES

6. At all times herein mentioned and material hereto, Plaintiffs were and are the owners of residential real property located at 4 Brook Lane, Rye Brook, New York 10573 (the "Insured Property").

7. At all times herein mentioned and material hereto, Plaintiffs were and still are residents of the County of Westchester in the State of New York.

8. At all times herein mentioned, Defendant, was a private insurance company organized and existing by virtue of the laws of the State of Illinois, and duly authorized to conduct the business of insurance in the State of New York, and to issue policies of insurance as described herein.

9. At all times herein mentioned, Defendant was and is authorized by the Department of Financial Services for the State of New York to engage in the business of insurance in the State of New York and to issue policies of insurance including the policy herein sued upon.

10. At all times herein mentioned, Defendant was an agent of the Federal Emergency Management Agency ("FEMA") with regard to the policy herein sued upon.

11. At all times herein mentioned, Defendant, was an agent and/or otherwise under the auspices and control of FEMA with regard to the policy herein sued upon.

12. At all times herein mentioned, Defendant, was an agent and/ or otherwise under the auspices and control of FEMA with all duly available powers of agency.

13. At all times herein mentioned, Defendant, was an agent and/or otherwise under the auspices and control of FEMA and acting for and/or on behalf of FEMA.

14. Upon information and belief, at all times herein mentioned, Defendant was authorized to issue NFIP policies of flood insurance to homeowners in the State of New York.

15. At all relevant times hereinafter mentioned, Defendant was a "Write Your Own" ("WYO") Carrier participating in the NFIP pursuant to the National Flood Insurance Act ("NFIA") as amended, 42 U.S.C. § 4001, et seq. Defendant issued Standard Flood Insurance Policies in its own name, as a fiscal agent of the United States. Pursuant to 44 C.F.R. Section 62.23 (d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

<b>AS AND FOR THE FIRST CAUSE OF<br>
<u>ACTION FOR BREACH OF CONTRACT</u></b>

16. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

17. On or about September 2, 2021, Plaintiff's property suffered a loss caused by catastrophic flood damage, a peril covered under the policy provided by Defendant.

18. The damages sustained and resulting losses were covered under the Policy and no exclusions or policy conditions exist to bar coverage.

19. Although Plaintiffs have satisfied all conditions and obligations of the Policy, the Defendant has not paid the claim for all damages sustained and partially denied coverage on April 1, 2022.

20. Plaintiffs expected to be wholly indemnified for the insured damages sustained to the premises.

21. Defendant, thus, has breached its contract of insurance issued to Plaintiffs.

22. By reason of Defendant's agency relationship with FEMA, Plaintiffs are entitled to recover attorney's fees as a prevailing party pursuant to the Equal Access to Justice Act, 28 USC § 2412 (b).

23. By reason of Defendant's breach of contract with Plaintiffs, the Plaintiffs have suffered financial damages.

24. Defendant's failure to indemnify Plaintiffs for their full loss as claimed constitutes a breach of contract.

25. Plaintiffs sustained damages by reason of Defendant's breach of its contractual obligations under the flood policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and against Defendant for all proceeds due under the insurance policy in an amount to be determined at trial, reasonable attorney's fees and costs and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: New York, New York
March 31, 2023

WILKOFSKY FRIEDMAN,
KAREL & CUMMINS

By: *Roman Rabinovich*
ROMAN RABINOVICH (9125)
Attorneys for Plaintiffs
299 Broadway - Suite 1700
New York, New York 10007
(212) 285-0510

22J146.L1